UNITED PUBLIC INSURANCE COMPANY, W. E. Bivin, Commissioner of Insurance, Commonwealth of Kentucky, et al., Appellants,

v.

A. J. AUXIER CONSTRUCTION COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1965.

As Modified on Denial of Rehearing Oct. 14, 1966.

S. Roy Woodall, Jr., Frankfort, O. T. Hinton, Pikeville, for appellants.

Francis Dale Burke, Francis M. Burke, Pikeville, for appellee.

CULLEN, Commissioner.

United Public Insurance Company, an Indiana corporation, had $22,500 of securities on deposit with the Kentucky Custodian of Insurance Securities, as required by the statutes governing the doing of business in this state by foreign insurers. A. J. Auxier Construction Company, a Kentucky policy holder of United, obtained a judgment against United for some $37,000. Execution upon the judgment having been returned unsatisfied, Auxier sought and obtained from the Pike Circuit Court, under purported authority of KRS 304.497, a judgment ordering the Commissioner of Insurance of Kentucky and the Custodian of Insurance Securities of Kentucky to deliver into court, for application to Auxier's judgment, the securities of United held by the Custodian. United, the Commissioner and the Custodian have appealed from that judgment.

The action by Auxier against United which resulted in the judgment of $37,000

against United was commenced in February 1960. However the final judgment was not entered until July 1964. In the meantime, in January 1961, in proceedings in the Franklin Circuit Court, the Commissioner of Insurance of Kentucky was appointed conservator of the assets of United in Kentucky, and an injunction was issued enjoining any and all persons from "the obtaining of preferences, judgments, attachments or other liens" against the assets of United.

The proceedings in the Franklin Circuit Court were brought pursuant to KRS 304.-957 and 304.959(1), and the injunction was issued pursuant to KRS 304.970.

In KRS 304.960, "delinquency proceeding" is defined to include a proceeding for "conserving" an insurer. KRS 304.966 provides in part as follows:

> "During the pendency of delinquency proceedings in this * * * state no action or proceeding in the nature of an * * * execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceedings."

 The appellants maintain that the conservatorship proceedings in the Franklin Circuit Court are delinquency proceedings within the meaning of KRS 304.966, and therefore Auxier is precluded by that statute (and by the injunction) from enforcing its judgment against United by a seizure of the assets in control of the Commissioner of Insurance as conservator. We think this contention clearly is right and we can find no basis (nor did the circuit judge give one) for the holding of the Pike Circuit Court to the contrary. Perhaps the circuit court was of the opinion that KRS 304.966 is applicable only where

a "reciprocal" state (see KRS 304.960) is involved, but we see no ground for so limiting the statute. On its face it could (and we think would) apply to delinquency proceedings in this state against a *domestic* insurance company, and would apply to domestic creditors, without regard to whether there were assets or creditors in some other state (reciprocal or otherwise). By the same token it is not limited, as concerns *foreign* insurers, to those whose home state is a reciprocal state.

We emphasize that the statute becomes operative "During the pendency of delinquency proceedings in this * * * state." Had there been no proceeding pending in the Kentucky courts, but only in Indiana (not a reciprocal state) the appellants would have prevailed in their claim.

The judgment is reversed.

HILL, J., not sitting.